UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARAS NYKORIAK,

    Plaintiff,   Civil Case No: 14-11954

V.   Honorable Linda V. Parker

CITY OF HAMTRAMCK,
CITY OF HAMTRAMCK POLICE
DEPARMENT, NEIL EGAN,
JOHN DOE 1, MAXWELL GARBARINO,
And STEVE SHAYA,

    Defendants.

_____/

**OPINION AND ORDER DENYING AS MOOT DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT, DESIGNATING ECF NO. 6 AS PLAINTIFF'S AMENDED COMPLAINT, AND DIRECTING DEFENDANTS TO ANSWER AMENDED COMPLAINT**

This matter comes before the Court on a motion for more definite statement filed by Defendants City of Hamtramck, City of Hamtramck Police Department, Neil Egan, and Maxwell Garbarino on May 19, 2014 pursuant to Federal Rule of Civil Procedure 12(e). (ECF No. 4). On the same date, Defendant Steve Shaya filed a notice indicating that he concurs and joins in the motion. (ECF No. 5). Plaintiff filed an "answer" to the motion on July 24, 2014, which essentially is an amended complaint. (ECF. No. 6).

Plaintiff initiated this action in state court on May 7, 2014. In his Complaint, Plaintiff alleges claims of unlawful arrest, excessive use of force in making arrest, and/or unlawful detention or imprisonment under 42 U.S.C. § 1983, and state law claims of false arrest, false imprisonment, invasion of privacy, malicious prosecution, assault/battery, defamation, negligence, intentional infliction of emotional distress, and extreme and outrageous conduct. (ECF No. 4-2 at Pg ID 28). Defendants removed the Complaint to federal court on May 19, 2014 pursuant to 28 U.S.C. §§ 1331 and 1447.

## Standard of Review

A motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) may be brought "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Courts disfavor such motions because pleadings are to be construed liberally to do substantial justice. See Fed. R. Civ. P. 8(f). Moreover, pro se plaintiffs, such as Plaintiff here, are held to less stringent pleading standards than parties who are represented by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Nevertheless, Federal Rule of Civil Procedure 8(a) requires that a pleading which sets forth a claim for relief set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of

the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief sought. Fed. R. Civ. P. 8(a). The pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

## Analysis

Defendants contend that Plaintiff's Complaint is so "disorganized" that they cannot reasonably be expected to prepare a response to each of Plaintiff's allegations and causes of action. (ECF No. 4 at Pg ID 21). Specifically, Defendants complain that Plaintiff lists all eight causes of action under a single heading and fails to distinguish what facts are relevant to which cause of action. They request that Plaintiff be required to file an amended complaint which contains consecutively numbered paragraphs and separate causes of action, each with its own heading and specifying the specific facts and circumstances on which the claim is based.

Plaintiff's July 24, 2014 "answer" to Defendants' motion satisfies their requests. (ECF No. 6). It contains short concise statements of his claims, lists each claim separately, and identifies the facts relevant to each claim. The Court finds this pleading to be consistent with Rule 8's requirements. It certainly is not "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).

For these reasons, the Court is treating Plaintiff's response (ECF No. 6) as his first amended complaint. Defendants shall respond to this amended complaint within twenty-one (21) days of this Opinion and Order. Defendants' motion (ECF No. 4) therefore is **DENIED AS MOOT**.

IT IS SO ORDERED.

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: October 8, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 8, 2014, by electronic and/or U.S. First Class mail.

s/ Richard Loury<br>Case Manager