UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARAS NYKORIAK,

        Plaintiff,                          Civil Case No. 14-11954
                                                    Honorable Linda V. Parker

v.

CITY OF HAMTRAMCK et al.,

        Defendants.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO QUASH SUBPOENA AND NOTICE OF DEPOSITION [ECF NO. 29]

      Pending before the Court is a Motion to Quash Subpoena and Notice of Deposition, filed by the Honorable Paul J. Paruk of the 31st District Court, State of Michigan ("Petitioner"). Petitioner is a non-party to this action. Petitioner asserts that the subpoena for his deposition is improper, and should be quashed. The Court agrees.

      Under the Federal Rules of Civil Procedure, the general scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the

1

discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).

Rule 45(d) governs protecting a person subject to a subpoena and provides that a court must quash or modify a subpoena that, inter alia, "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." Fed.R.Civ.P. 45(d)(3)(A)(iii)-(iv).

In Plaintiff's subpoena, he requests that Petitioner bring with him to the deposition "[a]ny and all materials [he] consulted and/or relied on in issuing and/or executing any warrant in this case, including, but not limited to, witness statements, transcripts, affidavits, written documents, notes, reports, depositions, statements, research, diagrams, photos, maps and other materials used"; and that petitioner provide "all documents reviewed, relied upon, consulted or examined in any way in order to form your opinions in this matter." (Subpoena, ECF No. 29-2 at Pg. ID 191.)

Having reviewed the complaint, the subpoena, and Plaintiff's response to the motion, it is apparent that Plaintiff is seeking to depose Petitioner to further support his assertion that the warrant issued for his arrest did not satisfy Fourth Amendment requirements. The deposition of Petitioner is not necessary to determine whether the warrant satisfied Fourth Amendment requirements. Any information that Plaintiff seeks to garner in support of this assertion can be

obtained from alternative sources, such as the warrant itself. "There is substantial case law standing for the proposition that high-ranking government officials are not generally subject to depositions unless they have some personal knowledge about the matter and the party seeking the deposition makes a showing that the information cannot be obtained elsewhere." *Jackson v. City of Detroit*, No. 05-74236, 2007 WL 2225886, at *1 (E.D. Mich. Aug. 1, 2007).

The Court is not persuaded that the information sought could not adequately be discovered through other means. Because Plaintiff is able to obtain information sought in this matter from other sources and means, the attempt to seek or compel discovery from Petitioner in this case is improper. *See id.*

Accordingly, for the foregoing reasons, Petitioner's Motion to Quash Subpoena Seeking Notice of Deposition is **GRANTED**.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 28, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 28, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager