UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARAS P. NYKORIAK,

        Plaintiff,                            Civil Case No. 14-11954
                                                        Honorable Linda V. Parker

v.

CITY OF HAMTRAMCK et al.,

        Defendants.
_____/

## OPINION AND ORDER DENYING MOTION FOR INVOLUNTARY DISMISSAL [ECF NO. 37]

      The case at hand involves treatment of Plaintiff at the hands of the City of Hamtramck police officers. Plaintiff brings this lawsuit against Defendants pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his rights guaranteed by the Fourth and Fourteenth Amendments. Plaintiff also alleges various state law claims. Defendants City of Hamtramck, City of Hamtramck Police Department, and Neil Egan (collectively "Defendants") seek an involuntary dismissal of the complaint pursuant to Federal Rules of Civil Procedure 37 and 41(b). For reasons that follow, Defendants motion is **DENIED**.

**I.**

      The following facts are not in dispute: On November 6, 2014, Defendants sent Plaintiff their first discovery request, which was comprised of a set of

1

interrogatory requests, as well as a request for the production of documents. (Interrog. 1, ECF No. 18-2.) Plaintiff's discovery response was due on December 8, 2014. (Defs.' Mot., ECF No. 18 at Pg. ID 113.) Defendants allegedly did not receive Plaintiff's discovery request, and consequently, on December 30, 2014, Defendants sent Plaintiff a letter indicating that Defendants would seek court intervention if Plaintiff failed to respond to the discovery request by January 7, 2014. (Letter, ECF No. 18-3.) Plaintiff again failed to respond to the discovery request, and Defendants subsequently contacted the Court seeking to file a motion to compel. (Def.'s Mot. ECF No. 18 at Pg. ID 114.) The Court instructed Defendants to attempt one more time to gain compliance prior to filing its motion to compel. (*Id.*; Letter, ECF No. 18-4 at Pg. ID 133.) Accordingly, Defendants sent another letter to Plaintiff in an effort to obtain a response to their first discovery request. (Letter, ECF No. 18-4 at Pg. ID 133.) On January 20, 2014, Plaintiff responded to the first set of interrogatories. (Pl.'s Discovery Resp., ECF No. 18-5.) Defendants asserted that Plaintiff's responses were "largely unresponsive." (Defs.' Mot., ECF No. 18 at Pg. ID 114.) Consequently, on January 22, 2015, Defendants sent Plaintiff a letter advising that the responses were insufficient and needed to be supplemented. (*Id.*; Letter, ECF No. 18-6 at Pg. ID 138.)

Thereafter, on February 4, 2015, Defendant filed its motion to compel. Shortly thereafter, on April 20, 2015, the Court held a telephonic status conference

to address motion to compel and other discovery issues identified by the parties. During the status conference, the Court ordered Plaintiff to be deposed on April 28, 2015, and further held that Plaintiff did not need to update his answers to the first set of interrogatories if Defendants asked Plaintiff, at the deposition, the questions raised in the interrogatories.

At the deposition, Plaintiff disclosed that he had documents supporting the claims asserted in the complaint, but was unsure as to whether he would rely on the documents at trial. (Nykoriak Dep., ECF No. 37-2 at Pg. ID 342.) Defendants informed Plaintiff that pursuant to Federal Rule of Civil Procedure 26, he was obligated to produce all materials upon which he might rely at trial. (*Id.* at Pg. ID 242.) Further, Defendants also brought to Plaintiff's attention that other than Plaintiff's court filings and pleadings, Plaintiff had not produced any evidence or documents in the case. (*Id.*)

At the deposition, Defendants specifically took issue with the fact that Plaintiff had not disclosed his medical records, handbooks on proper arrest procedures, or the records he had requested from the City of Hamtramck Police Department pursuant to the Freedom of Information Act (FOIA). (*Id.*) Defendants also took issue with the fact that Plaintiff objected to the production of his cell phone records, tax returns, and copies of recent social media postings on Facebook. (*Id.*) Plaintiff objected to providing these documents on the basis of relevancy. (*Id.*

3

at Pg. ID 243–44.) Plaintiff told Defendants that he would provide them with his credit card statements and the personal notes he took relating to the incidents at issue in the case. Plaintiff did not provide a time frame for the production of these documents. (*Id.* at Pg. ID 243–45.) Plaintiff did tell Defendants, however, that he would provide Defendants with his medical records from DMC Hospital within five (5) days from the date of his deposition. (*Id.* at Pg. ID 245.) Defendants have yet to receive these records. (Def.'s Mot., ECF No. 37 at Pg. ID 230.)

Following Plaintiff's deposition, Defendants sent Plaintiff a second discovery request, comprised of a set of interrogatory requests, and also a request for the production of documents. The interrogatories posed 8 questions which were different from those asked in the first set of interrogatories. (See Interrog. 2, ECF No. 37-3.) Plaintiff's response to the second discovery request was due May 29, 2015. (Defs.' Mot., ECF No. 37 at Pg. ID 230.) Plaintiff asked for seven (7) additional days to submit his response. (*Id.*) Defendants obliged, giving Plaintiff until June 15, 2015 to respond. However, Plaintiff allegedly never provided a response. (*Id.*) Consequently, Defendants sent Plaintiff a letter indicating that if Plaintiff did not respond to their second discovery request, Defendants would seek involuntary dismissal. (Letter, ECF No. 37-5 at Pg. ID 260.) Again, Plaintiff allegedly failed to provide a discovery response, and thereafter, Defendants filed its motion for involuntary dismissal. (ECF No. 37.)

## II.

Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits dismissal under Rule 37, when a party or its attorney "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)." *See* Fed. R. Civ. P. 37(b)(2)(A)(v). Additionally, Rule 41(b), permits the district court to involuntarily dismiss an action if a plaintiff fails to prosecute his case or to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Rogers v. City of Warren*, 302 F. App'x 371, 375 (6th Cir. 2008). Further, the district court has inherent power to "protect [ ] the due and orderly administration of justice, and ... maintain[ ] the authority and dignity of the court...." *Id.* (citing *Bowles v. City of Cleveland*, 129 Fed. Appx. 239, 241 (6th Cir.2005)) (further citations omitted).

## III.

Defendants assert that the case at hand should be involuntarily dismissed "for Plaintiff's repeated failure to comply with the [c]ourt [r]ules and the Judge's Order as well as the repeated failure to participate in discovery." (Def.'s Mot., ECF No. 37 at Pg. ID 231.) The Court disagrees.

The Sixth Circuit discourages involuntary dismissals without prior notice. *Rogers v. City of Warren*, 302 F. App'x 371, 376 (6th Cir. 2008). "[I]n the absence of notice that dismissal is contemplated, a district court should impose a penalty short of dismissal unless the derelict party has engaged in bad faith or

5

contumacious conduct." *Id.* (citing *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)). To assess the appropriateness of a district court's decision to involuntarily dismiss a complaint, the Sixth Circuit often applies the following four-factor test laid out in *Mulbah v. Detroit Bd. Of Educ.*, 261 F.3d 586 (6th Cir. 2001): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action. *Mulbah, 261* F.3d at 589.

Defendants argue that because they previously filed a motion to compel, and sent several letters and emails to Plaintiff advising Plaintiff that "dismissal would be sought for Plaintiff's failure to participate in discovery," Plaintiff was put on notice that his behavior could result in dismissal. (Defs.' Mot., ECF No. 37 at Pg. ID 234.) However, Plaintiff has yet to receive any warning from *this Court* that failure to cooperate would lead to dismissal.

Further, having reviewed the motion to compel and motion for involuntary dismissal, it is readily apparent to the Court that in these motions, Defendants do not request that the Court order Plaintiff to produce any specific documents or discovery items. The Court only learned of which documents Defendants might potentially request that the Court compel Plaintiff to provide through its review of

the deposition transcript, which Defendants attached to the motion for involuntary dismissal. (ECF No. 37-2.) It would have been more appropriate for Defendants to have filed a motion to compel discovery following the deposition of Plaintiff, rather than filing a motion for involuntary dismissal.

In addition to the fact that Defendants' motion to compel and motion for involuntary dismissal do not articulate what specific documents are needed from Plaintiff, Defendants do not articulate in their motions the relevancy of the documents at issue or why Plaintiff's objections to producing the requested documents are not warranted. Because Defendants have not filed a motion to compel and have not demonstrated, in a motion to compel, a showing as to (1) why the documents and/or discovery items are needed; (2) how the documents and/or discovery are relevant; and (3) how Plaintiff's objections to production are futile, the Court is without sufficient information to make a determination as to whether Plaintiff should be ordered to produce the discovery at issue. Thus, the Court will make no such determination until a motion to compel containing the requisite information is filed by Defendants.

The Court has never ordered Plaintiff to supply Defendants with any documents and/or discovery item. Thus, Defendants assertion that Plaintiff has failed to comply with any of the Court's orders or directives fails.

Accordingly, for the foregoing reasons, Defendants' motion for involuntary dismissal brought pursuant to Federal Rules of Civil Procedure 37 and 41(b) is **DENIED**.

    **SO ORDERED**.

                                                      s/ Linda V. Parker
                                                      LINDA V. PARKER
                                                      U.S. DISTRICT JUDGE

Dated: July 29, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 29, 2015, by electronic and/or U.S. First Class mail.

                                                      s/ Richard Loury
                                                      Case Manager