UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARAS P NYKORIAK,

        Plaintiff,                        Civil Case No. 14-11954
                                                  Honorable Linda V. Parker

v.

CITY OF HAMTRAMCK et al.,

        Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 40 & 41]

      This action arises from the September 8, 2013 arrest of Plaintiff Taras P. Nykoriak ("Plaintiff") by Hamtramck police officers. Plaintiff, who is pro se, alleges false arrest, false imprisonment, and malicious prosecution under 42 U.S.C. § 1983, as well as various state law claims. Presently before the Court is the motion for summary judgment filed by Defendants Neil Egan, Hamtramck Police Department, and City of Hamtramck (ECF No. 40), as well as Defendant Steve Shaya's motion for summary judgment (ECF No. 41). Both motions are brought pursuant to Federal Rule of Civil Procedure 56, and Defendants raise similar legal arguments for dismissal of Plaintiff's complaint. Accordingly, the Court will address the motions contemporaneously. Having reviewed the record, the Court concludes that Defendants are entitled to summary judgment.

1

I.   **Factual Background**

At approximately 9:30 p.m. on September 8, 2013, Plaintiff placed contacted the Hamtramck Police Department to complain about loud music emitting from a white Toyota outside of his residence – his father's home – which is located at 12147 McDougall Street, Hamtramck, MI. (Compl., ECF No. 6 at Pg. ID 51; Egan Dep., ECF No. 40-2 at Pg. ID 314.) His call was received by Officer Egan. (Compl., ECF No. 6 at Pg. ID 51.) Defendants assert – and Plaintiff does not contest – that thereafter, Officer Egan and his partner responded to the scene to investigate the vehicle and determined that the claim was unfounded. (Defs.' Mot., ECF No. 40 at Pg. ID 286; Egan Dep., ECF No. 40-2 at Pg. ID 314.) Subsequently, the officers returned to the station and closed the incident at approximately 9:56 p.m. (*Id.*; Police Report, ECF No. 40-4 at Pg. ID 326.)

Shortly thereafter, Plaintiff contacted the Hamtramck Police Department a second time to follow up on his initial complaint. (Egan Dep., ECF No. 40-2 at Pg. ID 314.) Officer Egan answered the call and allegedly, per Plaintiff's request, agreed to return to the residence to discuss the investigation of the Toyota that had occurred earlier in the evening. (*Id.*)

Before leaving the station, Officer Egan ran Plaintiff's name through the Law Enforcement Information Network (LEIN). (*Id.*) His search revealed that there was an outstanding bench warrant issued for Plaintiff. (*Id.*) Apparently,

Plaintiff had received a citation from the City of Hamtramck for using automobile seats as front porch furniture at his residence. (Citation, ECF No. 41-2 at Pg. ID 407.) Plaintiff was required to appear at the 31st District Court in Hamtramck, Michigan to address the ticket. (*Id.*) Plaintiff failed to appear and a bench warrant and $575 bond were issued consequently. (*Id.*)

Following the LEIN search, Officer Eagan and his partner again visited Plaintiff's residence. (Defs.' Mot., ECF No. 40 at Pg. ID 287.) The officers informed Plaintiff that there was an outstanding warrant for his arrest and took him into custody. (*Id.*) Plaintiff asserts that while he was being placed under arrest, Officer Egan threw him against the porch railing and began kneeing him. (Compl., ECF No. 6 at Pg. ID 51.) Plaintiff also contends that while he was incarcerated, the Hamtramck Police Department denied his request for medical treatment and his request to see the bench warrant at issue. (*Id.* at Pg. ID 50.) Additionally, Plaintiff asserts that his detention was unlawfully prolonged after a sufficient basis for detention no longer existed, and because "the defendant[s] knew or should have known that Plaintiff acquired a right to be released." (*Id.*)

At Plaintiff's deposition, Plaintiff disclosed that once placed in a holding cell, he was able to contact his attorney, post bond and was released from jail. (Nykoriak Dep., ECF No. 40-6 at Pg. ID 337.) At the deposition, Plaintiff stated

3

that the entirety of his incarceration lasted approximately an hour. (*Id.*) After Plaintiff was released from jail, he filed this instant action. (ECF No. 6.)

Concerning Defendants Neil Egan, Hamtramck Police Department, and City of Hamtramck, Plaintiff asserts federal claims of false arrest, false imprisonment, and malicious prosecution pursuant to 42 U.S.C. § 1983, as well as state law claims of invasion of privacy, assault and battery, defamation, negligence and intentional infliction of emotional distress. (Compl., ECF No. 6 at Pg. ID 50–52.) Regarding Defendant Steven Shaya, Plaintiff asserts a federal claim of malicious prosecution, as well as state law claims of invasion of privacy, defamation, negligence, and intentional infliction of emotional distress. (*Id.* at Pg. ID 53.)

## II. Summary Judgment Standard

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of

4

an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id*. at 323. Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

"A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See Liberty Lobby*, 477 U.S. at 255.

### III. Applicable Law and Analysis

**A. 42 U.S.C. § 1983**

To state a viable 42 U.S.C. § 1983 claim, Plaintiff must show that a person acting under color of state law deprived him of a right secured by the Constitution or laws of the United States. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). Pursuant to § 1983, Plaintiff alleges causes of action for false arrest and false imprisonment against Defendants Neil Egan, Hamtramck Police Department, and the City of Hamtramck. Additionally, Plaintiff asserts a claim of malicious prosecution pursuant to § 1983 against all Defendants.

As an initial matter, Plaintiff fails to address any of the legal arguments Defendants raise in support of their motions for summary judgment. For this reason, alone, the Court would grant Defendants' motions as they have presented evidence in support of their motions demonstrating their entitlement to summary judgment as to Plaintiff's federal claims. *See Brown v. VHS of MI, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) (citing cases) ("This Court's jurisprudence on abandonment of claims is clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment."); *see also Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1989) (explaining that before granting summary judgment as a result of the adverse party's failure to respond to the motion for summary judgment, the court must examine the movant's motion to ensure that he has discharged his burden of demonstrating the absence of a genuine issue as to a material fact). The Sixth

Circuit has applied this well-established rule even to pro se plaintiffs. *See, e.g., Campbell v. Hines*, No. 12-4329, 2013 WL 7899224, at *4 (6th Cir. Aug. 8, 2013) (affirming the district court's grant of summary judgment to the defendants on the pro se plaintiff's hostile work environment and retaliation claims, where the plaintiff failed to specifically address the defendants' arguments in response to their summary judgment motion). Nevertheless, even if the Court did not deem Plaintiff to have abandoned his federal claims, as demonstrated below, the Court is still able to conclude that Defendants are entitled to summary judgment.

**1. False Arrest**

Plaintiff brings a false arrest claim in Count 1 of the complaint. To the extent the Court is able to understand Plaintiff's allegations, he claims that he was falsely arrested because he was taken into custody following a call that he placed with the police department. (Compl., ECF No. 6 at Pg. ID 50.) "A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005) (citing *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir.2002) (further citations omitted). Further, "[a]n arrest pursuant to a facially valid warrant is normally a *complete defense* to a federal constitutional claim for false arrest or false imprisonment made pursuant to § 1983." *Id.* (citing *Baker v. McCollan*, 443 U.S. 137, 143–44 (1979) (emphasis added). Plaintiff asserts in his responsive brief

7

that the bond amount that he posted was five dollars less than the bond amount mentioned in the warrant, and that consequently, "it is difficult to speculate who and where this document was created or made up." (Pl.'s Resp. Br., ECF No. 42 at Pg. ID 436.) This argument fails, since "a LEIN check is an authoritative source upon which law enforcement officers may justifiably rely in making an arrest." *Taggart v. Macomb Cty.*, 587 F. Supp. 1080, 1081 (E.D. Mich. 1982); see also *Clark v. Oakland Cty.*, No. 08-14824, 2009 WL 5217682, at *4 (E.D. Mich. Dec. 29, 2009).

Further, Plaintiff does not provide support for the assertion that the different bond amounts demonstrate that the warrant was not facially invalid. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are [ ] deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293–94 (1st Cir. 1995)) (further citations omitted).

Given that officers can justifiably rely on a LEIN search when making an arrest, and Plaintiff has failed to adequately demonstrate the invalidity of the warrant, summary judgment is **GRANTED** as to Count 1 of the complaint.

### 2. False Imprisonment

In Count 2 of the complaint, Plaintiff appears to assert that despite being detained for no longer than one hour, his detention was unlawfully prolonged because there was no sufficient basis for detention, and that accordingly, he was falsely imprisoned. (Compl., ECF No. 6 at Pg. ID 50.) Plaintiff fails to articulate why there was no sufficient basis for his detention. Nevertheless, since a valid warrant is a complete defense to a federal constitutional claim for false imprisonment made pursuant to § 1983, and Plaintiff has failed to demonstrate the invalidity of the bench warrant, summary judgment is also **GRANTED** as to Count 2 of the complaint.

### 3. Malicious Prosecution

In Counts 4 and 9 of the complaint, Plaintiff asserts malicious prosecution claims against Defendants. (Compl., ECF No. 6 at Pg. ID 50–52.) Plaintiff asserts that he was maliciously prosecuted against since "Officer Egan did not have an objective good-faith belief that Plaintiff was guilty of or would be found guilty of the offense as initially charged and Defendant[s] acted negligently, intentionally, and/or recklessly in making such arrest and undertaking said detention." (*Id.* at Pg. ID 50.) With respect to Defendant Steven Shaya, former head of the Hamtramck Department of Public Services, Plaintiff specifically asserts that Shaya "falsely prosecuted and arrested, and caused others to lie, swear or affirm certain acts or

9

things were done or seen, which indeed were false, and in same had the intention to injure Plaintiff." (*Id.* at Pg. ID 53.)

A malicious prosecution claim fails when there was probable cause to prosecute, or when the defendant did not make, influence, or participate in the decision to prosecute. *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007); see also *Sykes v. Anderson*, 625 F.3d 294, 311 (6th Cir. 2010). Plaintiff was cited for placing vehicle seats on his porch for use as outdoor furniture and was required by court order to appear in court, yet failed to do so, thereby making blatantly clear to the Court that there was probable cause for the criminal proceedings initiated against him.

Further, when Plaintiff appeared for the rescheduled hearing for the original property citation, he voluntarily entered into a plea agreement with the prosecutor and pled guilty to an amended charge of impeding traffic. (Register of Actions, ECF No. 41-4 at Pg. ID 412.) To succeed on a malicious prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment – here, an unlawful arrest – the criminal proceeding must have been resolved in the plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 309 (6th Cir. 2010) (citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)). Given that Plaintiff pled guilty to impeding traffic, it is readily apparent that the proceeding did not resolve in his favor. Additionally, under Michigan Law, a plaintiff's acceptance of a plea bargain

10

does not resolve the criminal proceeding in the plaintiff's favor. *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001). Accordingly, because Plaintiff has failed to show that Defendants lacked probable cause to prosecute, and because he also pled guilty in the proceeding at issue, the Court **GRANTS** summary judgment as to the malicious prosecution claims in Counts 4 and 9 of the complaint.

### B. State Law Claims

"A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Musson Theatrical. Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254 (6th Cir.1996) (citation omitted). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir.2010) (quoting *Musson Theatrical, Inc.*, 89 F.3d at 1254–1255 (6th Cir.1996)) (quotation marks omitted).

Given that a district court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3), and that this lawsuit was removed to this Court based on federal question jurisdiction, having eliminated the federal claims, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and makes no determination as to the continuing viability of the state law claims.

Accordingly, for the foregoing reasons, Defendants' motions for summary judgment are **GRANTED** as to Plaintiff's federal claims – Counts 1, 2, 4 and the malicious prosecution claim in Count 9 of the complaint. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines supplemental jurisdiction over the state law claims remaining in counts 3, 5, 6, 7, 8 and 9 of the complaint, and **REMANDS** these state law claims to the Wayne County Circuit Court.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 12, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 12, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager