UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TARAS P NYKORIAK,

        Plaintiff,               Civil Case No. 14-11954
                                          Honorable Linda V. Parker

v.

CITY OF HAMTRAMCK et al.,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF NO. 48]**

On February 12, 2016, this Court issued an opinion and order dismissing Plaintiff's complaint. (ECF No. 46.) Presently before the Court is Defendant's motion for reconsideration. For reasons that follow, the Court **DENIES** Defendant's motion.

**I.**

**A. Standard of Review**

Rule 7.1 of the Local Rules for the Eastern District of Michigan provides the Court's standard of review:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons

1

entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F.Supp.2d 731, 734 (E.D.Mich.2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F.Supp.2d 759, 780 (E.D.Mich.2010). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F.Supp.2d 636, 637 (E.D.Mich.2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

### B. Analysis

In his motion for reconsideration, Plaintiff explicitly states the following:

After his arrest, Taras filed a complaint for claims under 42 U.S.C. [§] 1983 and MCL. Under 42 U.S.C. § 1983, Taras seeks relief from this court for false arrest (Count I), false imprisonment (Count II), and malicious prosecution (Count IV). Under MCL, Taras seeks relief from this Court for invasion of privacy (Count III), assault and battery (Count V), defamation (Count VI), negligence (Count VII), and intentional infliction of emotional distress (Count VIII).

(Pl.'s Mot., ECF No. 48 at Pg. ID 510.)

Thereafter, despite having never raised such a claim previously, Plaintiff in his motion for reconsideration brings a Fourth Amendment claim against

Defendants, pursuant to § 1983. (*Id.* at Pg. ID 512.) Specifically, Plaintiff asserts that his Fourth Amendment rights were violated when the officers entered his home and arrested him, because: (1) the officers lacked probable cause to make the arrest; and (2) the arrest and entry into Plaintiff's home occurred despite the fact that no warrant existed, and if a warrant did exist, said warrant was unsigned and thus invalid. (*Id.* at Pg. ID 512–13.)

With respect to raising new claims in a motion for reconsideration, the Sixth Circuit holds the following, in pertinent part:

> It is well-settled that "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g,* 477 F.3d 383, 395 (6th Cir.2007). Additionally, reconsideration motions cannot be used as an opportunity to re-argue a case. Furthermore, a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier. *See, e.g., Sommer,* 317 F.3d at 691; *CGH,* 261 Fed.Appx. at 824 (affirming denial of reconsideration and stressing: "It is hard to imagine how an affidavit from one of [plaintiff's] own witnesses would have been previously unavailable to [plaintiff], and [plaintiff] has not explained why it failed to introduce this evidence in opposition to summary judgment.").

*Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014). Accordingly, federal rules and case law preclude Plaintiff from raising a new legal argument.

Nevertheless, Plaintiff's Fourth Amendment claim is without merit. Specifically, Plaintiff claims there was not a warrant in this case, and alternatively,

3

that even if there was a warrant, the warrant was unsigned. (Pl.'s Mot., ECF No. 48 at Pg. ID 508, 512, 513.) Plaintiff then concludes that Defendants violated his Fourth Amendment rights by entering Plaintiff's home without a valid warrant. (*Id.* at Pg. ID 512.)

The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. Plaintiff's assertion that there was no warrant and that the warrant was not signed is perplexing, given that a bench warrant for the arrest of Plaintiff for failure to appear in court was signed on August 28, 2013 by Judge Paul J Paruk. (ECF No. 40-8 at Pg. ID 347.) Thus, because there was a valid warrant in existence that the officers relied upon to arrest Plaintiff, his Fourth Amendment argument necessarily fails.

Next, Defendant in its motion for reconsideration reargues his malicious prosecution claims. (Pl.'s Mot., ECF No. 48 at Pg. ID 515.) Plaintiff asserts the same arguments he raised in his responsive brief. Plaintiff's assertions are baseless, and further, "reconsideration motions cannot be used as an opportunity to re-argue

a case[.]" *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x at 476. Accordingly, Plaintiff's arguments regarding his malicious prosecution claims fail.

Finally, Defendant reargues his state law claims of: (1) invasion of privacy; and (2) assault and battery. (Pl.'s Mot., ECF No. 48 at Pg. ID at 514–16.) As stated previously, this Court, pursuant to 28 U.S.C. § 1367(c)(3), has declined to exercise supplemental jurisdiction over Plaintiff's state law claims. (*See* ECF No. 46 at Pg. ID 503.) Thus, the Court makes no determination as to the continuing viability of Plaintiff's state law claims.

Accordingly, for the abovementioned reasons, Plaintiff's motion for reconsideration (ECF No. 48) is **DENIED**.

**IT IS SO ORDERED**.

<div style="text-align: right;">
s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE
</div>

Dated: April 26, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 26, 2016, by electronic and/or U.S. First Class mail.

<div style="text-align: right;">
s/ Richard Loury  
Case Manager
</div>

5